UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VICTORIA A. MILEY,

    Plaintiff,

v.

HUNTER WARFIELD, INC.,

    Defendant.

CASE NO. 3:20-cv-01257

JURY TRIAL DEMANDED

# COMPLAINT

NOW comes VICTORIA A. MILEY ("Plaintiff"), by and through her undersigned attorney, complaining as to the conduct of HUNTER WARFIELF, INC. ("Defendant"), as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq*., and the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statutes §559.55, for Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Middle District of Florida and a substantial part of the events that gave rise to the instant action occurred in the Middle District of Florida.

1

## PARTIES

4. Plaintiff is a consumer over 18 years-of-age residing in Jacksonville, Florida, which is within the Middle District of Florida.

5. Defendant "provides revenue recovery services" and "is known for [its] innovative technology" designed to "deliver the highest rate of recovery . . . ."[1] Defendant is a corporation organized under the laws of the State of Maryland with its principal place of business located at 4620 Woodland Corporate Boulevard, Tampa, Florida.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's attempts to collect on a residential apartment lease ("subject debt") that Plaintiff allegedly owed to Avesta Midtown Oaks ("Avesta").

8. Plaintiff purportedly incurred the subject debt for personal and/or family household purposes.

9. Upon information and belief, after the subject debt was purportedly in default it was placed with Defendant for collection purposes.

10. Around April 2017, Defendant began its collection campaign by telephonically contacting Plaintiff's pervious landline number, (904) XXX-1010.

11. Defendant has used several phone numbers when placing calls to Plaintiff, including but not limited to: (813) 283-4549, (833) 669-0164, and (866) 494-9902.

---

[1] https://www.hunterwarfield.com/

12. The aforementioned phone numbers are regularly utilized by Defendant during its debt collection activities.

13. After speaking with Defendant, Plaintiff was informed that Defendant is a debt collector attempting to collect upon the subject debt.

14. Plaintiff explained to Defendant that she was not able to satisfy the subject debt due to her financial situation and requested that Defendant cease contacting her.

15. Defendant willfully ignored Plaintiff's demand and continued placing phone calls to Plaintiff's landline number.

16. Due to the nearly endless collection calls from Defendant, Plaintiff was forced to change her landline number.

17. Thereafter, Defendant began placing collection calls to Plaintiff's cellular phone number, (904) XXX-0313.

18. Despite Plaintiff's efforts, Defendant has continued to regularly call her cellular phone for several months thereafter.

19. Plaintiff has received numerous phone calls from Defendant since asking it to stop calling.

20. Frustrated and concerned over Defendant's conduct, Plaintiff spoke with her undersigned attorney regarding her rights, resulting in exhausting time and resources.

21. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

22. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, embarrassment, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, interfering with Plaintiff's ability to work, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality,

decreased battery life on her cellular phone, diminished space for data storage on her cellular phone, and Plaintiff changing her landline number.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though full set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

25. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

26. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

27. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA §1692c(a)(1) and §1692d**

28. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

29. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop. Defendant called Plaintiff numerous times after she demanded that it stop calling. This repeated behavior of systematically calling Plaintiff's cellular phone and landline in spite of

Plaintiff's demands was harassing and abusive. The frequency and nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

30. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

### b. Violations of FDCPA § 1692e

31. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

33. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop contacting her Defendant continued to contact Plaintiff. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiff's cellular phone and landline in a deceptive attempt to force her to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her when it did not.

### c. Violations of FDCPA § 1692f

34. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

35. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject debt by continuously calling Plaintiff numerous times after being notified to stop.

Attempting to coerce Plaintiff into payment by placing voluminous phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

WHEREFORE, Plaintiff VICTORIA A. MILEY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

36. Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

37. Plaintiff is a "consumer" as defined by Florida Statutes §559.55(8).

38. Defendant is a "debt collector" as defined by Florida Statutes §559.55(7).

39. The subject debt is a "consumer debt" as defined under Florida Statute § 559.55(6).

**a. Violations of FCCPA § 559.72(7)**

40. A person violates section 559.72(7) of the FCCPA when it willfully communicates with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

41. Defendant violated section 559.72(7) of the FCCPA when it placed repeated harassing telephone calls to Plaintiff after she demanded that it stop calling. Instead of abiding by Plaintiff's wishes, Defendant placed numerous calls to Plaintiff's cellular phone and landline after she demanded that it cease calling her. This conduct was done in an effort to harass Plaintiff into submission.

WHEREFORE, Plaintiff, VICTORIA A. MILEY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Enter judgment in Plaintiff's favor and against Defendant;

b. Award Plaintiff his actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

c. Award Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

d. Award Plaintiff and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

e. Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

f. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

g. Award any other relief this Honorable Court deems equitable and just.

Dated: November 4, 2020                               Respectfully submitted,

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
Florida Bar No. 1021163
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
alejandrof@sulaimanlaw.com